IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09-CR-064-1 |
| | § | |
| LATOYA LACOLE HAMILTON | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 29, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, LaToya Lacole Hamilton. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense of Possession With Intent to Distribute and Distribution of a Controlled Substance, Cocaine Base, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. On October 3, 2005, U.S. District Judge Sam A. Lindsay of the Northern District of Texas sentenced Defendant to twenty seven months of imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include drug treatment. On April 9, 2007, LaToya Lacole Hamilton completed her period of imprisonment and began service of the supervision term. United States District Judge Michael H. Schneider accepted transfer of jurisdiction on May 22, 2009.

Under the terms of supervised release Defendant was required to submit to mandatory conditions imposed by the Court. These conditions, in relevant part, are as follows: (1) Defendant

was prohibited from committing another federal, state or local crime; (2) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall notify the probation officer ten days prior to any change of residence or employment; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or controlled substance; (5) Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. In its petition, the government alleges that Defendant violated all of these conditions of supervised release.[1]

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). First, pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by conviction for the offense of possessing cocaine, LaToya Lacole Hamilton will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon finding of a Grade A or B violation, the Court shall revoke probation or supervised release in favor of a term of imprisonment. Considering Defendant's criminal history category of I, the

---

[1] Specifically, the government represents that Defendant has not complied with the mandatory terms of supervised release by engaging in the following actions:
  (1)  Ms. Hamilton pled guilty to the misdemeanor offense of Public Intoxication in the Municipal Court of Rockwall County, Texas (August 1, 2007).
  (2)  Ms. Hamilton pled guilty to the misdemeanor offense of Theft Over $50.00 in the County Court of Smith County (February 22, 2008).
  (3)  Ms. Hamilton failed to submit monthly report forms for the months of November and December 2008; January, February, March, and April 2009.
  (4)  Ms. Hamilton moved without notice from her residence on or before December 1, 2008.
  (5)  Ms. Hamilton submitted urine specimens that tested positive for cocaine (August 6, 2007 and October 25, 2007).
  (6)  Ms. Hamilton was unsuccessfully discharged from drug treatment (December 8, 2008).

2

Guideline imprisonment range is 4 to 10 months. U.S.S.G. § 7B1.4(a). Second, if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by: committing the offenses of public intoxication and theft over $50.00; being unsuccessfully discharged from drug treatment, and failing to report, these offenses would constitute a Grade C violation, for which the Court shall (A) revoke Defendant's term of supervised release in favor of a term of imprisonment; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for violating conditions of supervision is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 8 months in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, LaToya Lacole Hamilton, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Bryan, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 30th day of December, 2009.**

3

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE